C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  EDWARD ANDRES DIAZ,          :
                                       :    **<u>ORDER</u>**
                                       :
                 Petitioner,     :    19-cv-7242 (BMC)
                                       :    18-cr-332 (BMC)
         - against -         :
                                       :
                                       :
  UNITED STATES OF AMERICA,     :
                                       :
                 Respondent.   :
                                       :
-------------------------------------------------------- X

**COGAN**, District Judge.

      This motion under 28 U.S.C. § 2555 was reassigned to the undersigned today.  On

August 2, 2019, another judge of this Court had sentenced petitioner to 37 months, no supervised

release to follow, on a one count indictment for conspiracy to distribute and possess with intent

to distribute heroin.  There was no plea agreement; petitioner, represented by a Federal Public

Defender, pled to the indictment.  Both sides agreed with the Court that the Guidelines range was

37-46 months' custody.  His attorney unsuccessfully argued for a variance to time serve based on

a number of factors.

      In this § 2555 motion, petitioner does not challenge his conviction.  He appears to

contend that the Court misunderstood that there was an agreement to sentence him to something

less than 20 months' (directly contrary to the sentencing transcript), and the Court made a

"mistake" in not sentencing him to that; that his attorney promised him he would get time served

(directly contrary to the guilty plea transcript); and that his attorney failed to file a notice of

appeal (despite a letter from the Federal Public Defender advising the Court that "my client, Edward Diaz, has decided not to appeal from the Court's sentence of August 2, 2019").

In any event, the public record shows that petitioner was released from custody on February 11, 2021, more than two years ago.  See https://tinyurl.com/8xxwec9h.  Because his sentence did not contain a term of supervised release, and he does not challenge his conviction, but merely the length of his sentence, his motion is denied as moot.  See Spencer v. Kemna, 523 U.S. 1 (1998); United States v. Mercuris, 192 F.3d 290 (2d Cir. 1999).

The Court declines to issue a certificate of appealability because petitioner has not made a substantial showing that he was denied a constitutional right.  See 28 U.S.C. § 2253(c)(2).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated: Brooklyn, New York
       July 10, 2023

2